IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA MARTIN,

    Plaintiff,

v.                                                                                                    No. 09-CV-879 WJ/RHS

THE STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT and the following
individuals employed by the Department during
the events giving rise to this complaint: HUGH
DANGLER, solely in his capacity as Chief Public
Defender, DAVID EISENBERG, personally and
in his official capacity as Deputy Chief Public
Defender, JOHN STAPLETON, personally and
in his official capacity as Director of Human
Resources, RICHARD EARL, personally and in
his official capacity as Team Leader, TOM
DEMARTINO, personally and in his official
capacity as Supervisor, and STATE OF NEW
MEXICO RISK MANAGEMENT DIVISION
and CINDY CARRILLO, personally
and in her official capacity as adjuster,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CINDY CARRILLO'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Cindy Carrillo's Motion for Summary Judgment (Doc. 19). The Plaintiff, a former employee of the New Mexico Public Defender Department, was struck by a car while he was on his way to work. He subsequently filed a workers compensation claim as a result of his injuries. Defendant Carrillo, a claims adjuster for the State of New Mexico, hired an independent firm to perform surveillance on the Plaintiff as part of her investigation into whether Plaintiff had legitimate injuries. In the civil

action which Plaintiff subsequently filed, Plaintiff sued Defendant Carrillo for invasion of privacy.  On December 3, 2009, Defendant Carrillo filed this Motion for Summary Judgment raising the affirmative defense of qualified immunity.  To date, Plaintiff has not filed a response nor requested an extension.  Because Plaintiff has not alleged any facts which would give rise to a cause of action for invasion of privacy, the Court hereby GRANTS Defendant Carrillo's Motion for Summary Judgment.

### STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986).  In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor.  *Id.* at 249.  A mere scintilla of evidence in the nonmovant's favor is not sufficient.  *Id.* at 252.

Furthermore, when the defendant asserts the affirmative defense of qualified immunity, the analysis changes slightly.  The plaintiff bears a heavy two-fold burden to put forward evidence showing (1) that the defendant violated plaintiff's constitutional rights, and (2) the right at issue was clearly established at the time of the violation.  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).  Courts have discretion to determine "which of the two prongs of the

qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009). If the plaintiff fails to establish either part of the two-part inquiry, the court must grant the defendants qualified immunity. *Medina*, 252 F.3d at 1128. If the plaintiff succeeds in carrying his two-fold burden of production, the burden shifts back to the defendant and the analysis reverts to a traditional summary judgment analysis. *Id.*

### DISCUSSION

In his Complaint, the Plaintiff alleges that Defendant Carrillo invaded his privacy by conducting unreasonable surveillance on him. Complaint, at 10. Plaintiff does not specify whether he is bringing his claim under the Fourth Amendment by way of §1983 or as a state law invasion-of-privacy tort. Therefore, the Court will address both potential avenues for Plaintiff's claim. In either case, however, the Plaintiff has failed to allege sufficient facts to survive summary judgment.

**I.   Fourth Amendment**

Plaintiff could bring his claim of unreasonable surveillance under the Fourth Amendment by way of §1983. The Fourth Amendment's prohibition on unreasonable searches applies to video surveillance only if the plaintiff had a reasonable expectation of privacy in the area viewed by the cameras. *United States v. Jackson*, 213 F.3d 1269, 1280 (10th Cir. 2000). "The use of video equipment and cameras to record activity visible to the naked eye does not ordinarily violate the Fourth Amendment. . . . In addition, activity a person knowingly exposes to the public is not a subject of Fourth Amendment protection, and thus, is not constitutionally protected from observation." *Id.* at 1281. Here, surveillance was only conducted in public areas such as the front of Plaintiff's house, public streets and public parking lots. Plaintiff has no

reasonable expectation of privacy in any of these public areas.  In *United States v. Jackson*, the Tenth Circuit held that the government did not violate the defendant's Fourth Amendment rights when it installed video cameras on telephone poles outside her house.  Importantly, the Court noted that "the video cameras installed on the telephone poles were incapable of viewing inside the defendant's houses, and were capable of observing only what any passerby would easily have been able to observe."  *Id.*  Similarly, in this case, the surveillance cameras only captured activity that any stranger standing on the public street could have observed.  Plaintiff has not suggested that the cameras could view anything within the Plaintiff's home or on his property that was otherwise hidden from public view.  Because Plaintiff has failed to show any violation of his Fourth Amendment rights, the Court need not address the second qualified immunity inquiry.

## II.     Invasion of Privacy Tort

Plaintiff could also sue for the tort of invasion of privacy under New Mexico common law.  New Mexico recognizes the tort of invasion of privacy and its four categories: (1) false light invasion of privacy; (2) intrusion upon seclusion; (3) publication of private facts; and (4) the right of publicity or appropriation.  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1217 (10th Cir. 2007) (citing *Andrews v. Stallings*, 119 N.M. 478 (App. 1995)).  The only invasion-of-privacy claim Plaintiff could possibly make is a claim that the video surveillance intruded upon his seclusion.  In order to prevail on this type of claim, however, the Plaintiff must show that the intrusion was "highly offensive to a reasonable person."  *Id.* (citing Restatement (Second) of Torts, §652B (1977)).  Furthermore, the tort only occurs when the plaintiff is, in fact, secluded.  For example, one who photographs another while on a public street is not liable for invasion-of-privacy because the subject was publicly visible and not in seclusion.  *See* Restatement (Second)

of Torts, § 652B, cmt. c.  Here, Defendant Carrillo only videotaped Plaintiff when he was on public streets and parking lots.  As the Defendant aptly states, "Plaintiff Martin voluntarily brought himself out of the seclusion of his home, allowing for surveillance to be obtained on his actions that were visible to any member of the public."  Such surveillance does not give rise to a cause of action for invasion-of-privacy.

## CONCLUSION

For the reasons described above, this Court hereby GRANTS Defendant Carrillo's Motion for Summary Judgment, and Defendant Carrillo is hereby dismissed as a Defendant in this case.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE