IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA MARTIN,

       Plaintiff,

v.                                                                                       No. 09-CV-879- WPJ/RHS

THE STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, and the following
individuals employed by the Department during
the events giving rise to this complaint: HUGH
DANGLER, sole in his capacity as Chief Public
Defender, DAVID EISENBERG, personally and
in his official capacity as Deputy Chief Public
Defender, JOHN STAPLETON, personally and
in his official capacity as Director of Human
Resources, RICHARD EARL, personally and in
his official capacity as Team Leader, TOM
DEMARTINO, personally and in his official
capacity as supervisor, and STATE OF NEW
MEXICO RISK MANAGEMENT DIVISION
and CINDY CARRILLO, personally
and in her official capacity as adjuster,

       Defendants.

## MEMORANDUM OPINION AND ORDER ENFORCING SETTLEMENT AGREEMENT

THIS MATTER comes before the Court on Defendants' Motion to Enforce Settlement Agreement (Doc. 39), filed August 24, 2010. The Court has reviewed the motion and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motion to enforce should be granted.

### BACKGROUND

On August 12, 2009, in the Second Judicial District Court of New Mexico, Plaintiff filed a

Complaint against Defendants for injuries he suffered in a car accident that occurred while he was employed by the New Mexico Public Defenders Department. The Complaint also raised other employment-related issues, and alleged violation of federal constitutional rights and federal statutes. *See* Doc. 1, Ex. A. The Defendants timely removed the case to this Court. *See* Doc. 1. After Defendants filed a motion for summary judgment, the parties began discussing settlement of Plaintiff's suit. *See* Doc. 39 at 2. On July 20, 2010, Defendants made a settlement offer to Plaintiff, which he accepted on that same day via his blackberry phone, stating "Sounds okay - Thanks." Doc. 39 at 2 and Ex. B at 1.

## LEGAL STANDARDS

A trial court has the authority to "enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). New Mexico law favors the settlement of disputed claims. *See Gonzales v. Atnip*, 102 N.M. 194, 195, 692 P.2d 1343, 1344 (Ct. App. 1984). The person seeking relief from an agreement to settle bears the burden of persuasion. *See id.* (citing *Murrujo v. Chavez*, 77 N.M. 595, 599, 426 P.2d 199, 201 (1967)). A party may be bound by a settlement even if certain details are not worked out, if such details are not essential to the proposal or do not cause a change in the terms or purpose to be accomplished by the settlement. *See Bogle v. Potter*, 72 N.M. 99, 104-05, 380 P.2d 839, 843-44 (1963). In the absence of mutual mistake of fact, fraud, failure to express the agreement of the parties, or material breach by the other party, an agreement to settle may not be rescinded. *See Rojo v. Loeper Landscaping, Inc.*, 107 N.M. 407, 409, 759 P.2d 194, 196 (1988). Without a valid defense, an oral settlement is as enforceable as a written one. *See id.*[1]

---

[1] The Tenth Circuit has held that an evidentiary hearing may be required if material facts concerning the terms of a settlement agreement are in dispute. *See*, e.g., *Chicano Police*

**DISCUSSION**

In their motion to enforce the settlement agreement, Defendants complain that Plaintiff has refused to sign a Compensation Order, in violation of his July 20, 2010 agreement to sign all documents necessary to complete the settlement, unless the Defendants also reimburse him $400 for the cost of a deposition transcript and $59.00 for a CT scan in addition to the settlement amount. *See* Doc. 39 at 3.

The terms of the July 20, 2010 settlement reached by the parties were as follows: the Defendants would pay $5,000 to Plaintiff; the Plaintiff would sign any documents required to dismiss his federal case against all of the Defendants "'for no money paid' in advance of the settlement;" the Plaintiff would sign a compensation order dismissing his worker's compensation claim with prejudice; and the Plaintiff would sign a release and proposed order dismissing the federal lawsuit and releasing all of Plaintiff's employment and discharge-related claims that he had brought or could have brought. *See* Doc. 39, Ex. B at 1. In response to the Defendants' July 20, 2010 correspondence requesting Plaintiff to "acknowledge that we have agreement on these terms of settlement," Plaintiff stated: "Sounds okay - Thanks." *Id.* During the course of these negotiations, Plaintiff did not request any other conditions to the agreement.

After Plaintiff agreed to the July 20, 2010 settlement terms as set forth above, he obtained a copy of his credit report and "discovered a negative item, which was a portion of a hospital bill which Defendant had represented, to Judge Stirling, that they would pay, over three years ago." Doc. 41 ¶ 4, at 1. The parties engaged in additional discussions with regard to the settlement, *see id.*, but all of these discussions occurred after Plaintiff had agreed to settle on the terms listed in the

---

*Officer's Ass'n v. Stover*, 624 F.2d 127, 131-132 (10th Cir. 1980). In this case, however, the material facts are undisputed.

July 20, 2010 correspondence. Plaintiff states that he "told Ms. Maynes that he already signed the paperwork dismissing the case before this court, but that he expected Defendant to explain and assist with the item on Defendant's credit report . . . ." *Id*. ¶ 7, at 1-2.  He further states that Ms. Maynes indicated that she would take no action on the filing of any paperwork "with the assumption that the details would be worked out." *Id*. ¶ 9, at 2.  Unfortunately, none of these later discussions are relevant to whether the settlement agreement should be enforced because Plaintiff is bound by the agreement that he made.  Plaintiff agreed to sign the Compensation Order.  *See* Doc. 39, Ex. B at 1.  Plaintiff executed and delivered to Defendants a Release of Claims, which again indicated that he would cooperate in the dismissal of all of the claims, including his worker's compensation claim, and execute the documents necessary to complete such dismissal.  *See* Doc. 39, Ex. C, at 1-2. Plaintiff has not alleged that there was any mutual mistake or fraud in the settlement.  Nor does he assert any other valid defense for not respecting the terms of the settlement.  Plaintiff had a burden to investigate all of his costs and the value of the settlement before agreeing to it.  Certainly he was aware of the deposition costs and what his outstanding medical bills were, and they should not have been a complete surprise to him.  He cannot now show that, because of these costs, his agreement to settle on the terms stated is void.

Both parties have requested attorney fees in this matter, but neither have provided a basis for why such fees should be granted.  The Court finds the awarding of fees inappropriate at this time.

## CONCLUSION

For the reasons described above, the Court finds that the July 20, 2010 settlement agreement is enforceable.  Defendants' Motion to Enforce Settlement Agreement (Doc. 39) is hereby granted.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE